**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Mesa Air Group, Inc., | No. CV-08-1449-PHX-DGC |
| Plaintiff/Counterdefendant, | **ORDER** |
| vs. | |
| Delta Air Lines, Inc., | |
| Defendant/Counterclaimant. | |
| Delta Air Lines, Inc. | |
| Crossclaimant, | |
| vs. | |
| Wells Fargo Bank NW, N.A., | |
| Crossdefendant. | |

Delta Air Lines, Inc. ("Delta") maintained jet engines for Mesa Air Group, Inc. ("Mesa") under a Memorandum of Understanding ("MOU"). After Mesa terminated the MOU in June 2008, a dispute arose concerning the amount Mesa owed Delta for the maintenance services. Delta initially refused to return seven jet engines owned or leased by Mesa. On July 24, 2008, Mesa sent Delta an e-mail demanding that the engines be returned. Delta's mechanics' liens were forfeited when Delta failed to initiate foreclosure proceedings within ten days of Mesa's demand. On August 6, 2008, Mesa filed this action to recover the engines. On August 13, 2008, Delta agreed to return the engines and did so thereafter.

Mesa's verified complaint asserts claims for trover, injunctive relief, punitive damages, and litigation expenses. Dkt. #1. Delta has filed a motion for summary judgment on all claims. Dkt. #30. The motion has been fully briefed. Dkt. ##47, 61. For reasons stated below, the Court will deny the motion.

**I.     Summary Judgment Standard.**

A party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**II.    The Claim for Trover.**

Count one of the complaint asserts a claim for trover under Georgia law. Dkt. #1 ¶¶ 31-38. "'Trover is the statutory right to recover the possession of any form of personal property which has been wrongfully taken[.]'" *Smith v. R.F. Brodegaard & Co.*, 49 S.E.2d 500, 504 (Ga. Ct. App. 1948) (citation omitted); *see* O.C.G.A. §§ 44-12-150 *et seq.* "With respect to damages, the plaintiff may elect to recover (1) the property or its value, (2) damages only, or (3) the property and its hire." *Dierkes v. Crawford Orthodontic Care, P.C.*, 643 S.E.2d 364, 368 & n.8 (Ga. Ct. App. 2007) (citing O.C.G.A. § 44-12-151). "The term 'hire' means 'reasonable rental value of the property.'" *Thomas Mote Trucking, Inc. v. PCL Civil Constructors, Inc.*, 540 S.E.2d 261, 268 (Ga. Ct. App. 2000) (citations omitted).

Pursuant to O.C.G.A. § 44-12-151(3), Mesa has elected to demand the return of the engines and their hire from the date Delta's liens were forfeited until the engines were returned to Mesa. Dkt. #1 at 8, ¶ (b). Mesa also seeks damages under O.C.G.A. § 44-14-

1  550(7), which grants the Court discretion to award damages due to the deprivation of the use
2  of the engines if the Court finds that Delta's actions were not taken in good faith. *Id.* ¶ 38.
3  Delta cites *Lamb v. Salvage Disposal Co. of Georgia*, 535 S.E.2d 258, 260 (Ga. Ct.
4  App. 2000), for the proposition that hire damages are recoverable only if they are specifically
5  requested in the written demand for return of the property. Dkt. ##32 at 6-7, 61 at 2-3. The
6  trover claim fails as a matter of law, Delta contends, because Mesa has not requested hire
7  damages. *Id.*
8  The Court disagrees. Mesa's complaint constitutes a written demand for return of
9  the engines. *See* Dkt. #1 at ¶¶ 37 & 42, at 8 ¶ (a). The complaint specifically requests
10 "reasonable hire" damages "for the time period between the date Delta's lien was forfeited
11 and the date upon which the Engines are returned to Mesa." *Id.* at 8 ¶ (b).
12 Delta's reliance on *Lamb* is misplaced. The plaintiff in *Lamb* sought to recover only
13 damages under O.C.G.A. § 44-12-151(2). 535 S.E.2d at 260. The plaintiff, unlike Mesa in
14 this case, "did not make *any* request for reasonable hire, insisting only that the [property] be
15 returned to him." *Id.* (emphasis added); *see also Harris v. Barry Finance Co.*, 47 S.E.2d 201,
16 203 (Ga. Ct. App. 1948) (stating that the defendant was not required to tender reasonable hire
17 "[u]nder the pleadings" because "the plaintiff asked for no hire").
18 Delta further contends that the trover claim fails as a matter of law because Mesa has
19 incurred no damages. Dkt. #32 at 6. Delta presents no evidence to support this contention.
20 Delta instead relies solely on Mesa's averment in the complaint that "[d]espite substantial
21 ongoing efforts, Mesa has been unable to procure any suitable spare engines on the open
22 market." *Id.* (citing Dkt. #1 ¶ 24).
23 Where personal property is unlawfully detained, damages are recoverable for the
24 entire "period between the alleged conversion and the property's return." *Lawrence v.*
25 *Russell*, 563 S.E.2d 884, 888 (Ga. Ct. App. 2002) (citing O.C.G.A. § 44-12-152). Mesa has
26 presented evidence that it incurred lease expenses for three replacement engines from
27 August 15, 2008 until Delta actually returned all of Mesa's engines in September 2008.
28 Dkt. #47-4 ¶ 22; *see* Dkt. ##47-3, 51. This evidence is sufficient to create a triable issue as

to damages. *See Thomas Mote Trucking*, 540 S.E.2d at 269 (reversing award of zero dollars in damages where there was evidence as to the reasonable rental value of the property); *Gateway Bank & Trust v. Timms*, 577 S.E.2d 15, 17 (Ga. Ct. App. 2003) (evidence that the plaintiff leased a replacement trailer during the period her trailer was detained was sufficient to support award of damages). The Court will deny summary judgment on the trover claim.[1]

### III. The Claim for Injunctive Relief.

In count two, Mesa seeks a mandatory injunction requiring the return of the engines. Dkt. #1 ¶¶ 39-42. Delta seeks summary judgment because it has returned the engines. Dkt. ##30 at 2, 61 at 1.

Mesa does not dispute that the claim for injunctive relief is moot. Dkt. #47 at 2. "[T]he proper procedure for a court to take upon a determination that a [claim] has become moot is dismissal of the [claim], rather than a grant of summary judgment." *Roberts v. Madison County Realtors Ass'n, Inc.*, 474 S.E.2d 783, 787 (N.C. 1996); *see Cal. Save Our Streams Council, Inc. v. Yeutter*, 887 F.2d 908, 913 (9th Cir. 1989) ("Summary judgment is an inappropriate disposition when the district court lacks jurisdiction."); *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) (a moot claim "'must be dismissed for lack of jurisdiction'") (citation omitted). The Court will deny Delta's request for summary judgment and dismiss the injunctive relief claim as moot.

### IV. The Claims for Punitive Damages and Litigation Expenses.

Mesa seeks punitive damages in count three and litigation expenses in count four. Dkt. #1 ¶¶ 43-47 (citing O.C.G.A. §§ 51-12-5.1, 13-6-11). Delta seeks summary judgment on the ground that those claims are derivative of the trover claim. Dkt. #32 at 9. Because Mesa may prevail on its trover claim, the Court will deny summary judgment with respect to the claims for punitive damages and litigation expenses. *See Gateway Bank & Trust*, 577 S.E.2d at 17-18.

---

[1] The Court will not consider Delta's argument that the evidence does not support a finding of bad faith. The argument was made for the first time in the reply. Dkt. #61 at 4-5; *see Gadda v. State Bar of Cal.*, 511 F.3d 933, 937 n.2 (9th Cir. 2007).

**IT IS ORDERED:**

1. Delta Air Lines, Inc.'s motion for summary judgment (Dkt. #30) is **denied**.
2. Mesa Air Group, Inc.'s claim for injunctive relief (count two) is **dismissed** as moot.
3. The case shall proceed pursuant to the schedule set forth in the Case Management Order (Dkt. #57).

DATED this 15th day of December, 2008.

_David G. Campbell_
David G. Campbell
United States District Judge